UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ADRIAN L JONES,

Plaintiff,

v.

WARDEN D. NEVEN, et al.,

Defendants.

Case No. 2:17-cv-02457-APG-GWF

**ORDER DISMISSING CASE**

This is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a former state prisoner. On August 7, 2018, Magistrate Judge Foley denied the application to proceed *in forma pauperis* for prisoners because plaintiff Jones was no longer incarcerated. ECF No. 8 at 2. Judge Foley ordered Jones to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 and update his address within 30 days. *Id.* The 30-day period has now expired, and Jones has not complied with or responded to the order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

/ / / /

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors weigh in favor of dismissal. The third factor—risk of prejudice to the defendants—also weighs in favor of dismissal, because a presumption of injury arises from the unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Foley's order expressly stated that if Jones failed to timely comply with the order, dismissal may result. ECF No. 8 at 2. Thus, Jones had adequate warning that dismissal would result if he failed to comply.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based on plaintiff Jones's failure to update his address and to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee in compliance with the August 7, 2018 order. The Clerk of Court shall enter judgment accordingly.

DATED THIS 17th day of September, 2018.

Andrew P. Gordon
UNITED STATES DISTRICT JUDGE